IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTOPHER BOSTICK, #556296,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**VINCENT VANTELL, Warden,** )<br>)<br>Respondent. ) | <br><br><br><br>NO. 3:23-cv-01352<br><br>JUDGE CAMPBELL<br><br> |

## ORDER

State inmate Christopher Bostick filed a pro se Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) and an amendment thereto (Doc. No. 4). However, he did not pay the filing fee or file an application to proceed in forma pauperis (IFP). By Order entered February 12, 2024 (Doc. No. 6), the Court gave Petitioner 30 days to either pay the five-dollar filing fee or file an IFP application using a form provided by the Clerk and warned him that failure to do so would result in dismissal for failure to prosecute.

The deadline to comply with the Court's February 12 Order has passed without any response from Petitioner. Dismissal of this action is therefore proper under Federal Rule of Civil Procedure 41(b), for Petitioner's "fail[ure] to prosecute or to comply with these rules or a court order" despite having been warned that such failure could lead to dismissal. Fed. R. Civ. P. 41(b). "It is clear that the district court [has] the power . . . to enter a sua sponte order of dismissal" under Rule 41(b). *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution and failure to comply with court order to cure filing deficiency); *Smith v. Michigan Dep't of Corr. Hearings Div.*, No. 14-

14790, 2015 WL 4620605, at *1–2 (E.D. Mich. July 31, 2015) (dismissing habeas petition under Rule 41(b) for failure to respond to court order).

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with an order of the Court. Because the correctness of this purely procedural disposition is not debatable, no certificate of appealability shall issue under 28 U.S.C. § 2253(c). *See Slack v. McDaniel*, 529 U.S. 473, 478, 485 (2000).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE